UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In the matter of | ) | Case No. 17-cv- |
| | ) | |
| JOHN GARIBOTTO, | ) | In Admiralty |
| Owner of an Everglades 325CC Center Console, | ) | |
| Official Number 1246889, | ) | |
|     Plaintiff, | ) | |
| for Exoneration from or Limitation of Liability | ) | |

## COMPLAINT

Plaintiff John Garibotto, as Owner of an Everglades 325CC Center Console boat, Official Number 1246889 (the "Boat"), petitions the Court for Exoneration from or Limitation of Liability related to an alleged July 2, 2017 diving injury, pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501-12 (2006), and Supplemental Rule F of the Federal Rules of Civil Procedure:

### Jurisdiction

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), Fed. R. Civ. P. 9(h), Supplemental Rule F, and 46 U.S.C. § 30511 and § 30502 (2006).

### Venue

2. Venue is proper in the District of Massachusetts, Eastern Division, pursuant to Supplemental Rule F(9) because the Boat has not been attached or arrested; no known suits have been commenced against its owner who resides in Marblehead, MA; the Boat is currently located in Salem, MA; the Boat was anchored in navigable waters of Cape Cod Bay at the time of the diving incident; and the diver resides in Waltham, MA according to his attorney.

1

## Parties

3. Plaintiff resides in Marblehead, MA and is sole owner of the Boat.

4. The Boat is federally documented with a center console and an overall length of 32 feet, 4 inches; a beam of 10 feet, 8 inches; a hull draft of 2 feet; and twin 350 horsepower outboard engines which draw 37" when down.

5. A person unknown to plaintiff, later identified as Derick Fleming, allegedly injured himself diving from the Boat.

## The July 2, 2017 Diving Injury

6. On July 2, 2017 plaintiff, his wife, their son, and their daughter motored in the Boat from Marblehead to Plymouth, MA to visit plaintiff's cousin for the holiday weekend.

7. Using both a bow anchor and a stern anchor, plaintiff safely anchored the Boat stern to, close to and perpendicular to White Horse Beach, in water about 30 inches deep, with the both outboards trimmed up because otherwise they would have grounded.  With a gradual bottom slope, the depth at the bow was about one foot deeper.

8. Plaintiff's wife and daughter disembarked the Boat from the stern and waded ashore to the beach.  Plaintiff remained aboard, monitoring the Boat and tending its anchor lines as needed, maintaining the same shallow depth for easy access to and from the beach.  Throughout the weather was calm and clear, with light winds and no waves, and the water was crystal clear.

9. Several family members and friends came and left, wading in and out from the beach and boarding and disembarking at the stern such that about an hour or so after initially anchoring, there were nine adults and four minors aboard.

10. Plaintiff and the Boat complied with all applicable statutes and regulations and in accordance with the duty of care owed the people aboard, all of whom were instructed that diving from the Boat was not permitted, and indeed there was no diving or jumping or horseplay.

11. While talking with his son and nephews, plaintiff from the helm observed a man on the stern he had never seen before.

12. Plaintiff attempted to inquire of this trespasser who he was but he walked past plaintiff on the port side without saying anything and continued forward. Then the trespasser stepped up onto forward seating, facing the starboard side bow rail, as plaintiff immediately headed forward too loudly instructing the trespasser, as did others, not to dive but dive he did, totally of his own volition, negligently, recklessly, and contrary to instructions and warnings.

13. Plaintiff observed what appeared to be a very shallow dive but within seconds it was apparent the diver was in trouble. Plaintiff immediately jumped feet first into the water to assist, rolling the diver face up so he could breathe.

14. Plaintiff was then informed by the diver's new girlfriend who also boarded when he did that he had a pre-existing condition and would be fine, identifying him as Derick Fleming. She and others kept him afloat until an ambulance transported him to the hospital.

15. Mr. Fleming's July 2, 2017 dive and any and all injuries, damages, and losses claimed to have resulted from it were not caused or contributed to by any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of plaintiff or his Boat.

16. Alternatively, any breach of applicable statutes or regulations, or any type of unseaworthiness, fault, neglect, or lack of reasonable care by or on the part of plaintiff or his Boat that might have contributed to any and all injuries, damages, and losses claimed to have resulted from Mr. Fleming's July 2, 2017 dive were occasioned and incurred without the privity or knowledge of plaintiff and/or were occasioned and incurred due to the fault of other parties whose actions and/or inactions are not plaintiff's responsibility.

**Notice of Claim**

17. Mr. Fleming, through his attorney's August 21, 2017 certified letter to plaintiff, gave initial written notice of his alleged July 2, 2017 personal injury claim alleging "serious and permanent injuries while engaging in activities that you permitted and/or failed to regulate while using the boat in a grossly overloaded manner" which plaintiff denies.

18. Subsequent correspondence from Mr. Fleming's attorney also alleges that plaintiff violated 323 CMR 2.07(7) which provides "No vessel may be operated in an overloaded condition.  Overloaded condition means that the number of persons on board and/or the cargo being carried exceeds the manufacturer's recommended limit for such vessel or is excessive given wind, water and weather conditions" which plaintiff denies.

19. Pursuant to Supplemental Rule F(1), this Complaint is filed within six months after plaintiff's receipt of the initial written notice.

20. Plaintiff does not know the total dollar amount of the claims that may be made for injuries, damages, and losses allegedly sustained by Mr. Fleming or others as a result of his dive.

21. Plaintiff expects that formal claims based on those injuries, damages, and losses will be presented in due course and that the total claims will exceed the post-casualty value of the Boat.

### Value

22. According to the Declaration of David R. Arruda, filed herewith, the post-casualty value of the Boat does not exceed its insured, agreed hull value of $180,000.00.

### Exoneration/Limitation

23. Plaintiff seeks exoneration from liability for any and all injuries, damages, and losses of any kind arising from Mr. Fleming's July 2, 2017 dive including personal injuries as well as any other damages or claimed losses incurred which have been and/or may hereafter be asserted, and plaintiff states that he has valid defenses on the facts and the law.

24. Plaintiff alternatively seeks limitation of his liability arising from that dive pursuant to 46 U.S.C. §§ 30501-12, Supplemental Rule F, and case law, and to that end files herewith a Stipulation re Security for Value of Plaintiff's Interest in the Boat equal to $180,000.00 plus $500.00 for costs and 6% interest per annum, for payment into Court as ordered.

## Relief Sought

WHEREFORE plaintiff John Garibotto requests the following relief:

1. That the Court approve the Stipulation re Security for Value of Plaintiff's Interest in the Boat equal to $180,000.00, plus costs of $500.00 and 6% interest per annum, which represents (a) the value of plaintiff's interest in the Boat after Mr. Fleming's dive and (b) plaintiff's obligation to provide costs, in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure;

2. That on approving that security, the Court enter an injunctive order pursuant to Supplemental Rule F(3) ceasing and enjoining all lawsuits, causes of action, and claims against plaintiff arising from Mr. Fleming's dive, except in this civil action;

3. That plaintiff serves a copy of that injunctive order on any person to be enjoined or provides a copy to such person's counsel;

4. That the Court enter an order directing the issuance of a notice to claimants, pursuant to Supplemental Rule F(4);

5. That the Court adjudge plaintiff not liable for any and all injuries, damages, or losses arising from Mr. Fleming's dive or that if plaintiff is held liable in any part, his liability shall be limited at a maximum to the value of his interest in his Boat after Mr. Fleming's dive, or $180,000.00, and that plaintiff be discharged from any such liability upon the surrender of such interest, and that the money surrendered, secured, or to be paid as aforesaid be divided *pro rata* among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that judgment may be entered discharging plaintiff from all further liability; and

6. That plaintiff be provided such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED October 31, 2017.

PLAINTIFF
John Garibotto
by

<u>/s/ David J. Farrell, Jr.</u>
David J. Farrell, Jr.
BBO #559847
Farrell McAleer & Smith LLP
2355 Main Street, P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121 x 15
sealaw@live.com

## VERIFICATION

I, John Garibotto, depose and state:

I am the sole registered owner of the Boat from which Mr. Fleming dove on July 2, 2017, as described in the above Complaint.

I have read the Complaint, which is true and accurate to the best of my knowledge.

I verify and declare under the pain and penalty of perjury of the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed: October 31, 2017

*signature*
John Garibotto

*Certificate of Service*
I certify there has been
no appearance by claimants
so there is no one to serve.

/s/ David J. Farrell, Jr.