UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| In the matter of | ) ) ) | |
| JOHN GARIBOTTO, Owner of an Everglades 325CC Center Console, Official Number 1246889, | ) ) ) ) ) | Case No. 17-12129-LTS In Admiralty |
| Plaintiff, for Exoneration from or Limitation of Liability | ) ) ) ) ) | |

ORDER ON MOTION FOR SUMMARY JUDGMENT (DOC. NO. 40)
AND MOTION IN LIMINE (DOC. NO. 48)

August 26, 2019

SOROKIN, J.

On July 2, 2017, John Garibotto operated his boat from his home in Marblehead, MA, to Whitehorse Beach in Plymouth, MA, where he anchored about 100 yards off the beach. Doc. No. 45 ¶ 3. Roughly two hours later, Derick Fleming boarded Garibotto's boat via the back ladder in chest deep water after walking, wading, and swimming out to the boat from the beach. Doc. No. 41-3 at 13-14. After approximately one hour on board, Fleming, who was then 37 years old, six feet tall, a college graduate, and a "strong swimmer," Doc. No. 45-5 at 9, dived off the bow of the boat, hit his head on the ocean floor, and broke his neck. This lawsuit ensued.

"[T]he familiar elements of negligence—duty, breach, causation, and damages—apply in maritime cases," such as this one. Sawyer Bros., Inc. v. Island Transporter, LLC, 887 F.3d 23, 29 (1st Cir. 2018). "It is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 630 (1959). The First

Circuit has stated that "[u]nder this standard, the degree of care required must be in proportion to the apparent risk." Muratore v. M/S Scotia Prince, 845 F.2d 347, 353 (1st Cir. 1988).

Federal courts have held that although this duty of reasonable care often includes a duty to warn of foreseeable risks, shipowners have no such duty to warn of risks which are open and obvious. See Keller v. United States, 38 F.3d 16, 24 (1st Cir. 1994) (the duty to warn "requires the vessel owner to *alert* the stevedore-employer to any latent or concealed defect . . . which would likely be encountered by the stevedore in the course of his cargo operations, are *not known* by the stevedore, and would *not* be *obvious* to or anticipated by him if reasonably competent in the performance of his work") (emphasis in original); see also Smith v. Royal Caribbean Cruises, Ltd., 620 F. App'x 727 (11th Cir. 2015) ("The duty to warn in the maritime tort context extends to only known dangers which are not apparent and obvious."); Gemp v. United States, 684 F.2d 404, 407 (6th Cir. 1982) (no duty to warn fisherman operating a boat near a dam of hazards which were "obvious to any person who ventured near" that dam); Farrell v. United States, 167 F.2d 781, 783 (2d Cir. 1948), aff'd, 336 U.S. 511 (1949) ("Nor was the master under any duty to warn the appellant that the dock area had been bombed, for that was obvious.").

Garibotto moves for summary judgment. Doc. No. 40. Applying the familiar summary judgment standard,[1] for the reasons expressed below, the motion is DENIED. Garibotto contends that the danger of diving into the insufficiently deep water off the bow was open and

---

[1] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute "is one on which the evidence would enable a reasonable jury to find the fact in favor of either party." Perez v. Lorraine Enters., Inc., 769 F.3d 23, 29 (1st Cir. 2014). "A 'material' fact is one that is relevant in the sense that it has the capacity to change the outcome of the jury's determination." Id. (citation omitted).

obvious and that in any event, diving necessarily exposes the diver to an open and obvious risk in the absence of a reasonable basis for the diver to conclude that the water is sufficiently deep to permit a safe dive. However, the successful head-first dives of others before Fleming, including at least one by a person who Fleming says was of a similar physical size to him, create a genuine dispute of material fact as to whether the risk was indeed open and obvious. Additionally, on the summary judgment record, there is a genuine dispute of material fact as to whether Garibotto breached his duty of care as defined by the Supreme Court in <u>Kermarec</u>, which held that "[i]t is a settled principle of maritime law that a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." 358 U.S. at 630. This is true in light of the fact that Garibotto (on the summary judgment record) was aware of ongoing head-first jumping and diving off the bow in the form of swan dives or belly flops, culminating in Fleming's head first dive, but did not warn, object, or intervene to stop such activities.[2] Whether any possible breach was a cause of Fleming's injury is also a question which may not be resolved at summary judgment.

Garibotto also moves for summary judgment based on Supplemental Admiralty Rule F(5). To the extent this theory is based on the assertion that Fleming did not file a formal "Claim" on the docket, it is not a basis for summary judgment in this case because Garibotto had notice of Fleming's claims about the events which transpired and his theories of liability throughout the pendency of this litigation. <u>See</u> Doc. Nos. 11, 23, 45-16, 45-19. To the extent

---

[2] The parties are cautioned not to read factual findings into the Court's summary judgment analysis. Many of the facts recited in the text are disputed by Garibotto, including the absence of any warning to Fleming not to dive. Additionally, there are many facts which, at trial, might suggest or lead to other conclusions about each party's responsibility, including the depth of the water, Fleming's concession that he perceived the water as too shallow in the course of his dive, Fleming's inability to see the other divers as they entered the water, and Fleming's possible failure to assess the depth of the water while at the bow prior to diving.

this theory is based on the assertion that Fleming's deposition descriptions of his dive as compared to the dives of the others renders his dive not "in the same manner as others who were diving" in his presence, as alleged in paragraph 5 of his Answer, Doc. No. 11 at 1, it is also not a basis for summary judgment. Determining whether there is such a nuanced discrepancy requires, in this case, the Court to hear the testimony. Moreover, even if there is such a discrepancy, Garibotto has identified no prejudice he has suffered as a result.

Accordingly, the motion for summary judgment is DENIED.

Garibotto also moves to exclude the report by Fleming's expert, Kyle McAvoy. Doc. No. 48. This motion is DENIED for the reasons expressed in open court at the August 20, 2019 hearing.

IV. CONCLUSION

Garibotto's motion for summary judgment, Doc. No. 40, is DENIED. His motion to exclude Fleming's expert, Doc. No. 48, is DENIED without prejudice to renew at trial. Trial shall commence on Monday, October 21, 2019. An order with pretrial deadlines will issue separately.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge